PROB 12B
(7/93)

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 2 2014

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: Eugene Arthur Brown

Case Number: 2:05CR00218-WFN-1

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Court Judge

Date of Original Sentence: February 12, 2007

Type of Supervision: Supervised Release

Original Offense: Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922

Date Supervision Commenced: May 13, 2014

Original Sentence: Prison - 103 Months;
                            TSR - 36 Months

Date Supervision Expires: May 12, 2017

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

20      You shall participate in the home confinement program for 30 days. You shall abide by all the requirements of the program, which will include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay. You are restricted to your residence every day from 9 p.m. to 6 a.m., unless approved in advance by the U.S. Probation Office for treatment or employment purposes.

21      You shall contribute 10% of your income to any balance owed for location monitoring services. The supervising probation officer may petition the Court on your behalf to modify this requirement if it presents an undue financial hardship.

### CAUSE

On October 24, 2014, Mr. Brown was arrested for driving under the influence of alcohol in Spokane County, Washington. According to the incident report, law enforcement conducted a traffic stop on a vehicle operated by Mr. Brown for speeding. The officer could smell the odor of intoxicants coming from Mr. Brown's vehicle. Subsequently, Mr. Brown voluntarily provided a breath sample that detected a blood alcohol content of .110. In addition, Mr. Brown participated in field sobriety testing, in which he allegedly displayed impairment.

Mr. Brown was taken into custody. While en route to the jail, Mr. Brown allegedly became belligerent with the arresting officer. He reportedly made statements to the arresting officer that he needed to become a criminal again and start shooting at law enforcement.

Prob 12B
**Re: Brown, Eugene Arthur**
**November 26, 2014**
**Page 2**

While at the jail, Mr. Brown refused to provide a second breath sample for the purposes of alcohol testing. He was then booked into the Spokane County Jail for driving under the influence.

On October 27, 2014, Mr. Brown was formally charged with driving under the influence in Spokane County District Court case number 4Z0915218. Mr. Brown has entered a plea of not guilty. His next hearing in this matter is scheduled for December 10, 2014.

In response to Mr. Brown's alleged new law violation, this officer discussed potential consequences for his actions and better solutions when he is having an adverse interaction with law enforcement. In addition, this officer referred Mr. Brown to complete a substance abuse evaluation at Alcohol Drug Education Prevention and Treatment, Inc. (ADEPT). On November 14, 2014, Mr. Brown participated in a substance abuse evaluation at ADEPT, in which he was recommended to enroll in an 8-hour alcohol and drug information school. Mr. Brown has agreed to follow through with the treatment recommendation. It should be noted that Mr. Brown is also participating in mental health treatment and enrolled in general educational development (GED) classes at Spokane Community College.

Based on the information contained in this report, this officer believes Mr. Brown's alleged law violations can be addressed through alternative sanctions. Therefore, this officer respectfully recommends that Mr. Brown be placed on electronic monitoring for a period of 30 days, with a curfew of 9 p.m. to 6 a.m. This officer believes an electronic monitoring sanction would hold Mr. Brown accountable for his actions, while allowing him the opportunity to continue with his educational opportunities; engage in recommended treatment sessions; and search for employment.

|  | Respectfully submitted, |
|---|---|
| by | s/Erik Carlson |
|  | Erik Carlson |
|  | U.S. Probation Officer |
|  | Date: November 26, 2014 |

THE COURT ORDERS

[ ]    No Action
[ ]    The Extension of Supervision as Noted Above
[X]    The Modification of Conditions as Noted Above
[ ]    Other

_L. J. Nielsen_
Signature of Judicial Officer

_12/2/14_
Date

PROB 49
(3/89)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 2 2014

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

20    You shall participate in the home confinement program for 30 days. You shall abide by all the requirements of the program, which will include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay. You are restricted to your residence every day from 9 p.m. to 6 a.m., unless approved in advance by the U.S. Probation Office for treatment or employment purposes.

21    You shall contribute 10% of your income to any balance owed for location monitoring services. The supervising probation officer may petition the Court on your behalf to modify this requirement if it presents an undue financial hardship.

Witness: *Erik Carlson*
Erik Carlson
U.S. Probation Officer

Signed: *Eugene Brown*
Eugene Arthur Brown
Probationer or Supervised Releasee

*11-25-14*
Date